[673 NYS2d 695]

In the Matter of STEVEN LEE SALPETER, an Attorney, Resignor.

Second Department, May 18, 1998

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn (*Robert J. Saltzman* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

**OPINION OF THE COURT**

Per Curiam.

Steven Lee Salpeter has submitted an affidavit, dated February 18, 1998, wherein he tenders his resignation as an attorney and counselor-at-law (*see,* 22 NYCRR 691.9). Mr. Salpeter was admitted to the practice of law by the Appellate Division of the

Supreme Court, Second Judicial Department, on March 20, 1985.

Mr. Salpeter acknowledges that he is currently the subject of a pending investigation by the Grievance Committee for the Second and Eleventh Judicial Districts into allegations of professional misconduct including his neglect of client matters, failure to communicate with clients, failure to refund unearned fees, and failure to maintain required records for his attorney escrow account.

Mr. Salpeter concedes that if charges were predicated upon the aforesaid matters, he could not successfully defend himself on the merits against such charges.

Mr. Salpeter acknowledges that his resignation is submitted subject to any application which may be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a) (a). He further acknowledges the continuing jurisdiction of the Court to make such an order and is aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment. He specifically waived the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Mr. Salpeter avers that his resignation is freely and voluntarily submitted and that he has not been subjected to coercion or duress. He is fully aware of the implications of submitting his resignation.

The Grievance Committee recommends that the Court accept the proffered resignation.

Inasmuch as the proffered resignation conforms with the Court rules, the resignation of Steven Lee Salpeter as an attorney and counselor-at-law is accepted and directed to be filed. Accordingly, Steven Lee Salpeter is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and COPERTINO, JJ., concur.

Ordered that the resignation of Steven Lee Salpeter is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Steven Lee Salpeter is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Steven Lee Salpeter shall promptly comply with this Court's rules governing the conduct of disbarred,

suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Steven Lee Salpeter is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.